UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

THERESA GERACI,

*Plaintiff,*

-against-

16-CV-1385

THE RESTAURANT AT APPLE GREENS, INC.,
APPLE GREENS GOLF COURSE, INC., AMENIA
STEAKHOUSE, INC. and JUSTINIONO
RODRIGUEZ, *Individually,*

BKS/DJS

*Defendants.*

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS THE RESTAURANT AT
APPLE GREENS, INC., & AMENIA STEAKHOUSE, INC.,
MOTION FOR SUMMARY JUDGMENT**


**HARRIS CONWAY & DONOVAN**
Attorneys for Defendants The Restaurant at
Apple Greens, Inc., & Amenia Steakhouse, Inc.
5 Clinton Square
Albany, New York 12207

Ryan E. Manley
Bar Roll No. 303048
Telephone: (518) 436-1661

Date: June 1, 2018

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS ................................................................................................1

STANDARD OF REVIEW ...............................................................................................5

ARGUMENT ....................................................................................................................6

I.   DEFENDANTS APPLE GREENS RESTAURANT AND THE STEAKHOUSE ARE
     NOT "EMPLOYERS" PURSUANT TO 29 U.S.C. § 630(b). .............................................6

II.  PLAINTIFF HAS FAILED TO ESTABLISH A PRIMA FACIE CASE OF
     HARASSMENT BECAUSE THE CONDUCT ALLEGED IS NOT SUFFICIENTLY
     SEVERE OR PERVASIVE TO HAVE ALTERED THE TERMS AND CONDITIONS
     OF PLAINTIFF'S EMPLOYMENT. ..................................................................................8

III. PLAINTIFF'S AGE DISCRIMINATION CLAIM FAILS AS A MATTER OF LAW
     BECAUSE SHE CANNOT ESTABLISH A PRIMA FACIE CASE NOR CAN SHE
     ESTABLISH THAT APPLE GREENS RESTAURANT'S REASONS FOR GERACI'S
     SHIFT CHANGE OR NOT REHIRING HER WERE PRETEXT. ......................................11

     A.   Geraci Cannot Establish a Prima Facie Case of Age Discrimination Against
          Amenia Steakhouse Because She Has Not Suffered An Adverse Employment
          Action...........................................................................................................12

     B.   Geraci Cannot Establish a Prima Facie Case of Discrimination Against The
          Restaurant at Apple Greens Because She Has No Evidence That Any Alleged
          "Adverse Action" Was Taken Because of Her Age. .................................................12

     C.   Apple Greens Restaurant Had Legitimate, Non-Discriminatory Reasons For Its
          Actions Regarding Geraci...............................................................................15

IV.  APPLE GREENS IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S
     RETALIATION CLAIM BECAUSE PLAINTIFF HAS FAILED TO ESTABLISH A
     PRIMA FACIE CASE OF UNLAWFUL RETALIATION, APPLE GREENS
     PROVIDED NON-RETALIATORY REASONS FOR THE DECISION AND
     PLAINTIFF CANNOT PROVIDE THAT THE REASONS WERE A PRETEXT FOR
     UNLAWFUL RETALIATION. ........................................................................................18

V.    PLAINTIFF'S STATE LAW CLAIMS FAIL FOR THE SAME REASONS AS HER FEDERAL CLAIMS. ...........................................................................................21

CONCLUSION ...........................................................................................................21

## <u>TABLE OF AUTHORITIES</u>

**Statutes**

29 U.S.C. § 621.................................................................................................................1

29 U.S.C. § 623(a)(1)................................................................................................6, 7, 8

29 U.S.C. § 1367(a)(c)....................................................................................................21

New York State Executive Law § 296.............................................................................1

**Rules**

Fed. R. Civ. P. 56.............................................................................................................5

**Cases**

Adam v. Versus Glen Cove Sch., 2008 WL 508689, at *27 (E.D.N.Y. 2008)...................14

Adeniji v. Admin. for Children Servs., 43 F. Supp. 2d 407, 413 (S.D.N.Y. 1999)............9

Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002) ......................................................9

Baum v. Rockland County, 2005 WL 3527543 (2d Cir. 2005)........................................12

Belmonte v. Griffiss Utility Services Corp., 2017 WL 570925, *1 (N.D.N.Y. 2017) ......6

Beshty v. General Motors, 327 F. Supp. 2d 208 (W.D.N.Y. 2004).................................14

Boyle v. HSBC Bank, USA, Inc., 2010 WL 235001, at *4 n. 53 (S.D.N.Y. 2010) ..........21

Brennan v. Metro. Opera Ass'n, Inc., 192 F.3d 310, 318 (2d Cir.1999)) .........................8

Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)....................10

Burt Rigid Box v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002) ...............5

Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 271 (2001) ...............................14,19

Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 365-66 (2d Cir. 2000)...............................7

DeCinto v. Westchester County Medical Center, 821 F.2d 111, 115 (2d Cir. 1987).......19

Downey v. Adloox Inc., 238 F.Supp.3d 514 (S.D.N.Y. 2017)........................................6,7

iii

Figueroa v. Tri-City Highway Products, Inc., 2010 WL 3635247, at *9 (N.D.N.Y. 2010) .............19

Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1225 (2d Cir. 1994)..................16

Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 101 (2d Cir. 2010) ........................................6

_Grady v. Affiliated Cent., Inc.,_ 130 F. 3d 553, 559 (2d Cir. 1997)....................................11

Gregory v. Daly, 243 F.3d 687, 700 (2d Cir. 2001) ........................................................9,19

Harris v. Forklift Sys., Inc., 510 U.S. 17, 23, (1993)....................................................9

Holcomb v. Iona College, 521 F.3d 130, 138 (2d Cir. 2008) ...........................................11

Kassner v. 2nd Ave. Deli. Inc., 496 F.3d 229, 240 (2d Cir. 2007).....................................8

Kaytor v Elec. Boat Corp., 609 F.3d 537, 547 (2d Cir. 2010)..........................................9

Kemp v. Metro-North RR., 316 Fed.Appx. 25 (2d Cir. 2009) ..........................................21

Levitant v. City of New York Human Resources Admin., 2008 WL 5273992, at *18 (E.D.N.Y.

2008) ......................................................................................................19

Luciano v. Olsten Corp., 110 F.3d 210, 215 (2d Cir. 1997) ............................................15

Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-89 (1986).........5

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) ..............................................11

McLee v. Chrysler Corp., 38 F. 3d 67, 68 (2d Cir. 1994) ...............................................6

Newsome-Lang v. Warren Intern., 129 F.Supp.2d 662, 664-65 (S.D.N.Y. 2001) ...........................7

Passonno v. State Univ. of N.Y. at Albany, 889 F.Supp. 602, 607 (N.D.N.Y. 1995)......................12

Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) .....................................................9

Pathare v. Klein, 2008 WL 4210471, at *4 (S.D.N.Y. Sept. 12, 2008).................................15

Petrosino v. Bell Atlantic, 385 F.3d 206, 227 (2d Cir. 2004).........................................9

Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994)..................................................21

Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000)..............................6, 15

iv

Richardson v. New York Dep't of Correctional Service, 180 F. 3d 426, 433 (2d Cir. 1999) ...........19

Salahuddin v. Coughlin, 674 F. Supp. 1048, 1052 (S.D.N.Y. 1987)................................................5

Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997) .......................................................10

Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 91 (2d Cir. 2001).....................................12

Spillane v. Henderson, 129 F. Supp.2d 223, 229 (E.D.N.Y. 2001)................................................19

Stofsky v. Pawling Cent. Sch. Dist., 635 F.Supp.2d 272, 292 (S.D.N.Y.2009)...............................9

Sutera v. Schering Corp., 73 F.3d 13, 16 (2d Cir. 1995) ...............................................................16

Tex. Dep't of Cmty Affairs v. Burdine, 450 U.S. 248 (1981) ............................................11, 16

Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990) ................................................................5

Torres v. Cortland Ent, P.C., 2017 WL 2623893 (N.D.N.Y. 2017) ................................................7

Venti v. EDS, 236 F. Supp. 2d 264, 277 (W.D.N.Y. 2002)...........................................................14

Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000)........................................................6

## PRELIMINARY STATEMENT

Plaintiff, a former employee of The Restaurant at Apple Greens, Inc., ("Apple Greens Restaurant" or "the Restaurant") and Amenia Steakhouse, Inc., ("the Steakhouse"), brings this action pursuant to the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA") and the New York State Human Rights Law, New York State Executive Law § 296, *et seq.* ("NYSHRL"), and seeks damages for allegedly being "discriminated against on the basis of her age (49) and retaliated against and terminated due to her objection to age discrimination." (Dkt No. 4 at ¶ 1).   Defendants now move for summary judgment seeking (1) dismissal of plaintiff's ADEA claim because the above named defendants are each not an "employer" as defined under the ADEA; or  in the alternative (2) dismissal of plaintiff's ADEA claims because plaintiff has failed to make a *prima facie* case of Age Discrimination and retaliation and the defendants' non-discriminatory reasons for making decisions were not pretext.

## STATEMENT OF FACTS

Apple Greens Restaurant is a small restaurant/snack hut that leases space from and is located on Apple Greens Golf Course in Highland, New York.  Borello Decl. at ¶ 4.  Apple Greens Restaurant is currently owned by Maria Intrieri and has been since 2010.  Borello Decl. at ¶ 7.  Jacquelyn Borello has worked at Apple Greens since 2008 and is the manager in charge of employee hiring, employee schedules, and the coordinating of on premises catering events at Apple Greens Restaurant.  Borello Decl. at ¶¶ 1, 7-8.

In September of 2014, Jacquelyn Borello posted a craigslist ad on behalf of Apple Greens Restaurant looking for a waitress.  Borello Aff. at ¶ 9 & Exh. "A".  In October of 2014, Theresa Geraci responded to the craigslist ad and corresponded with Ms. Borello directly.  Borello Aff. at

¶ 9 & Exh. "A"; Manley Aff., Exh. "A" (Geraci Decl.) at pp. 46, 49.   After Ms. Borello inquired as to Ms. Geraci's age for beverage service purposes, Ms. Geraci responded that she was a "young 47."   Borello at ¶ 10 & Exh. "A"; Manley Aff. at Exh. "A" pp. 46 & 317.   Ms. Geraci interviewed for the waitress position with Ms. Borello and was then hired.   Manley Aff., Exh. "A" at 51 & 54.   Ms. Borello then trained Ms. Geraci at Apple Greens Restaurant.   Manley Aff., Exh. "A" at pp. 55-57; Borello Decl. at ¶ 13.

In October and November of 2014, Ms. Geraci worked weekdays while Ms. Borello worked weekends.   Manley Aff., Exh. "A" at p. 78; Borello Decl. at ¶ 14.   Apple Greens Restaurant is open seasonally and shut down for the winter from December of 2014 to March of 2015.   Manley Aff., Exh. "A" at 75.

Theresa Geraci next worked at Amenia Steakhouse from December 2014 through March of 2015.   Manley Aff., Exh. "A" at pp. 96-97.   Amenia Steakhouse is owned by Maria Intrieri and Geraldine Rifenburgh.   Rifenburgh Decl. at ¶ 2.   After Apple Greens Restaurant reopened in March of 2015, Ms. Geraci did not work at Amenia Steakhouse again.   Manley Aff., Exh. "A" at p. 97.   Ms. Geraci was never terminated from the Steakhouse, but chose not to stay because she liked Apple Greens Restaurant better and preferred the hours to the Steakhouse.   Manley Aff., Exh. "A" at pp. 97-98; 218.

In April of 2015, Ms. Geraci went back to work at Apple Greens Restaurant.   Manley Aff., Exh. "A" at p. 140.   Jacquelyn Borello as a full time schoolteacher, worked nights and weekends during the school year while Geraci worked during the week.   Borello Decl. at ¶¶ 3, 15; Manley Aff., Exh. "A" at p. 79.

At the end of June, early July of 2015, Borello offered to work a weekday shift for Geraci in exchange for help working weekend catering events.   Manley Aff., Exh. "A" at 190; Borello

2

Decl. at ¶ 17.  Geraci refused the request for the shift trade.  Manley Aff., Exh. "A" at p. 315,

Borello Decl., at ¶ 17 & Exh "B".   Although Ms. Geraci claims that Ms. Borello's shift change

was discriminatory, Jacquelyn Borello had worked at Apple Greens Restaurant longer than

Theresa Geraci and had seniority over her.  Manley Aff. at Exh. "A" pp. 165-166; 219-220.

Regarding the shift change, Geraci proffered the following testimony at her deposition:

> Q.    Did you believe that Ms. Borello wanted to switch shifts with you because of your age?
>
> A.    No.

 Manley Aff., Exh. "A" at p. 243.

Geraci also claims that the cook and co-defendant, Justiniono Rodriguez made

discriminatory remarks to her regarding her age creating a hostile working environment at Apple

Greens Restaurant.  See generally Dkt. No. 4.  Justiniono Rodriguez is a cook at Apple Greens

Restaurant.  He is not an owner or even a manager.  He has no role in hiring, firing or scheduling

decisions and does not handle any aspect of the payroll.  Rifenburgh Decl. at ¶ 19.  Even so,

Geraci's daughter Caroline Spiegel who also worked at the Restaurant, testified that she took

comments from Justiniono as a joke and that Geraci and Rodriguez got along well at Apple

Greens Restaurant.  Manley Aff., Exh. "B" (Spiegel Dep.) at p. 28.  Spiegel further testified that

she never observed Rodriguez being mean to Geraci and that Geraci had told her that Apple

Greens Restaurant was a good place to work.  Manley Aff., Exh. "B" at pp. 30, 28, 31.  Geraci

herself often refereed to Rodriguez as "old guy", and she and Rodriguez would banter back and

forth.  Manley Aff. at Exh. "A" pp. 254 & 256.  Geraci herself told Rodriguez "you are going to

be my age sometime", "you are old", and "you're getting old".  Manley Aff., Exh. "A" at p. 256.

Although Geraci had only worked at Apple Greens Restaurant for a couple of months, she was extremely combative, displayed a superior attitude, failed to do her side work including the stocking of coolers, would cut her shifts short, would show up for work late, would drink alcohol during her shift, leave the doors unlocked, leave the air conditioning running and take alcohol from the restaurant at the end of the night. Borello Decl. at ¶¶ 19-20. When Borello, who had seniority over Geraci would ask her to do something work related, Geraci would respond and say "don't tell me what to do I am not one of your students." Borello Decl. at ¶ 21 Geraci and Borello also had a number of disagreements via text message that had nothing to do with Geraci's age. See Borello Decl., Exh. "B". Geraci's refusal to work weekends was also a big issue for a business that relies heavily on weekend catering events. Borello Decl. at ¶ 22.

In December of 2015, at the end of the season, Justiniono Rodriguez told Theresa Geraci that he would see her in the Spring of 2016. Manley Aff., Exh. "A" at p. 180. In February of 2016, owner Maria Intrieri, bookkeeper Geraldine Rifenburgh and Jacquelyn Borello met to discuss the opening of Apple Greens for the 2016 season. Borello Decl. at ¶ 29; Rifenburgh Decl. at ¶ 28. Based upon Geraci's poor conduct during the 2015 season, it was decided that Geraci be asked not to come back to Apple Greens for the 2016 season. Borello Decl. at ¶ 23; Rifenburgh Decl. at ¶ 29. It is undisputed that neither Maria Intrieri, Geraldine Rifenburgh nor Jacquelyn Borello ever made any comments about Theresa Geraci's age. Manley Aff., Exh. "A" at p. 186. Because Jacquelyn Borello had been the one to hire Geraci, she sent the following text message on February 28, 2016:

> Hi Theresa. I'm not sure if you still have my number, but if not this is Jacquelyn from apple greens. I hope you had a nice winter. I know you have been wondering about this year so I just wanted to get in touch with you regarding this season. Unfortunately it really didn't work out last year so we do not plan on bringing you back to work. I apologize and wish you luck.

4

Borello Decl., Exh. "B". This decision had nothing to do with Geraci's age and no one ever told her that it did. Borello Decl. at ¶ 31; Manley Aff., Exh. "A" at pp. 176-177. While in her complaint she alleges that her February 2016 separation from Apple Greens is somehow related to Rodriguez's October 2015 alleged comments; at her deposition, Geraci could not articulate any specific reason why she was "terminated". See generally Dkt. No 4; Manley Aff., Exh. "A" at p. 219. Geraci just believes it was because "[Rodriguez] called me old all the time and I was the oldest person working there". Manley Aff., Exh. "A" at p. 174.

### STANDARD OF REVIEW

Summary judgment may be granted when the moving party carries its burden of demonstrating the absence of a genuine issue of material fact. Fed. R. Civ. P. 56; Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990). It is well settled that "ambiguities or inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the summary judgment motions." Id. Where a moving party has met its burden, however, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-89 (1986). Instead, the nonmoving party must demonstrate specific facts showing that there is a genuine issue for trial. Id.; See also, Burt Rigid Box v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002) (citations omitted). Importantly, only disputes concerning facts that might affect the outcome of the lawsuit under controlling law will properly preclude a grant of summary judgment. Salahuddin v. Coughlin, 674 F. Supp. 1048, 1052 (S.D.N.Y. 1987) (citation omitted).

As relevant here, although discrimination claims may involve questions of intent that are

5

ill-suited to resolution at the summary judgment stage, the Second Circuit has gone "out of [its] way to remind district courts that the 'impression that summary judgment is unavailable to defendants in discrimination cases is unsupportable.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting McLee v. Chrysler Corp., 38 F. 3d 67, 68 (2d Cir. 1994)). "[T]rial courts should not treat discrimination differently from other ultimate questions of fact." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148 (2000). Accordingly, "even in a discrimination context", a plaintiff must offer "more than conclusory allegations" to survive a motion for summary judgment. Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 101 (2d Cir. 2010).

## ARGUMENT

### POINT I

#### DEFENDANTS APPLE GREENS RESTAURANT AND THE STEAKHOUSE ARE NOT "EMPLOYERS" PURSUANT TO 29 U.S.C. § 630(b).

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his [or her] compensation, terms, conditions or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Under the ADEA, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year[.]" 29 U.S.C. § 630(b). As such, "[a] business must have at least twenty 'employees' to be an 'employer'" under the ADEA. Belmonte v. Griffiss Utility Services Corp., 2017 WL 570925, *1 (N.D.N.Y. 2017).

"[T]he twenty employee minimum is an element of a claim under the ADEA, not a jurisdictional issue." Downey v. Adloox Inc., 238 F.Supp.3d 514 (S.D.N.Y. 2017); see

Newsome-Lang v. Warren Intern., 129 F.Supp.2d 662, 664-65 (S.D.N.Y. 2001) (relying on Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 365-66 (2d Cir. 2000). "A plaintiff's failure to prove that the defendant is a covered employer is a ground for defeating her federal claim on the merits." Newsom-Lang, 129 F. Supp.2d at 665. Additionally, in a discrimination case, a plaintiff's failure to plead or set forth factual allegations plausibly satisfying the employee numerosity requirement is fatal, and warrants dismissal of the complaint. See Torres v. Cortland Ent, P.C., 2017 WL 2623893 (N.D.N.Y. 2017).

Nowhere in plaintiff's complaint is it alleged that either Apple Greens Restaurant or The Steakhouse have "twenty or more employees." (See Dkt. No. 4). Nowhere in plaintiff's complaint does it allege even that either of these entities are "Employers" under the ADEA pursuant to 29 U.S.C. §630(b). (See Dkt. No. 4). The plaintiff must plead this element of the ADEA in order for the complaint to be sufficient. See Downey, 238 F.Supp.3d at 524; Torres, supra. For this reason alone, the complaint should be dismissed against the defendants.

If *arguendo* the court excuses plaintiff's failure to plead an essential element of her ADEA cause of action, neither Apple Greens Restaurant nor The Steakhouse had twenty or more employees either separately or together during the relevant time period to be held liable under the ADEA. Plaintiff alleges that she was "terminated" in March of 2016. (Dkt. No. 4 at ¶ 46). Thus the relevant time period is 2015-2016. As is demonstrated by the affidavit of Geraldine Rifenburgh, co-owner of the Steakhouse and bookkeeper for Apple Greens Restaurant, and the quarterly withholding documents attached thereto, in 2015 and 2016, Apple Greens Restaurant did not have twenty or more employees for each working day in each of twenty or more weeks. Rifenburgh Decl. at ¶¶ 6-7 & Exh. "A". From 2015-2016, Amenia Steakhouse did not have twenty or more employees for each working day in each of twenty or more weeks either.

Rifenburgh Decl. at ¶¶ 9, 10 & Exh. "B". The most employees between Apple Greens Restaurant and the Steakhouse working during that time is eighteen (18) in April, May and June of 2016. Rifenburgh Decl. at ¶ 11 & Exhs. "A" & "B". Thus, even under a "combined" employer theory, Apple Greens Restaurant and the Steakhouse do not have twenty or more employees for each working day of twenty or more weeks.

Plaintiff also alleges that defendants Apple Greens Restaurant and Apple Greens Golf Course, Inc., ("Apple Greens Golf"), the restaurant's landlord were "integrated employers" of the plaintiff. (Dkt. No. 4 ¶ 18). For the purposes of brevity and judicial economy, defendants Apple Greens Restaurant and the Steakhouse respectfully join with and adopt Apple Greens Golf Course's arguments in support of dismissal of this theory of liability for the twenty or more employee standard.

Because plaintiff has failed to prove that defendants Apple Greens Restaurant or The Steakhouse are covered "Employers" pursuant to 29 U.S.C. § 630(b) in that separately or combined they did not employ twenty or more employees during the relevant time period, summary judgment should be granted in favor of the defendants.

## POINT II

**PLAINTIFF HAS FAILED TO ESTABLISH A PRIMA FACIE CASE OF HARASSMENT BECAUSE THE CONDUCT ALLEGED IS NOT SUFFICIENTLY SEVERE OR PERVASIVE TO HAVE ALTERED THE TERMS AND CONDITIONS OF PLAINTIFF'S EMPLOYMENT.**

Under the ADEA, a hostile work environment is one in which "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment." Kassner v. 2nd Ave. Deli. Inc., 496 F.3d 229, 240 (2d Cir. 2007) (quoting Brennan v. Metro. Opera Ass'n, Inc., 192 F.3d 310, 318 (2d

8

Cir.1999)).   A hostile work environment claim requires a showing that; (1) the plaintiff was subjected to harassment, based on her age, that was "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment"; and (2) "that a specific basis exists for imputing the objectionable conduct to the employer." Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002) (internal citation omitted).

To be "severe or pervasive," Geraci must show that defendants' conduct: (1) was "objectively severe or pervasive—that is, . . . create[d] an environment that a reasonable person would find hostile or abusive"; (2) created an environment that Geraci "subjectively perceive[d] as hostile or abusive"; and (3) was on account of Geraci's age. Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)); see also Stofsky v. Pawling Cent. Sch. Dist., 635 F.Supp.2d 272, 292 (S.D.N.Y.2009).   Objective severity is assessed based on a "totality of the circumstances," which may include: (1) frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening and humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance. See Patane, 508 F.3d at 113 (citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 23, (1993)).

The Court of Appeals for the Second Circuit has recognized that "simple teasing, offhand comments, or isolated incidents of offensive conduct . . . will not support a claim of discriminatory harassment." Petrosino v. Bell Atlantic, 385 F.3d 206, 227 (2d Cir. 2004). Indeed, "[i]solated incidents generally will not suffice to establish a hostile work environment unless they are extraordinarily severe." Kaytor v Elec. Boat Corp., 609 F.3d 537, 547 (2d Cir. 2010).   "[I]t is well-settled that one [discriminatory] remark, or even sporadic remarks, are not sufficient to establish a hostile work environment." Adeniji v. Admin. for Children Servs., 43 F.

9

Supp. 2d 407, 413 (S.D.N.Y. 1999); see also <u>Schwapp v. Town of Avon</u>, 118 F.3d 106, 110 (2d

Cir. 1997) ("For racist comments, slurs, and jokes to constitute a hostile work environment, there

must 'be more than a few isolated incidents of racial enmity,' . . . there must be a steady barrage

of opprobrious racial comments."); <u>Harris</u>, 510 U.S. at 21 ("Mere utterance of an epithet which

engenders offensive feelings in an employee does not sufficiently affect the conditions of

employment to implicate Title VII."). Finally, "Title VII does not set forth a general civility code

for the American workplace." <u>Burlington Northern & Santa Fe Ry. Co. v. White</u>, 548 U.S. 53,

68 (2006) (internal quotations omitted).

Even assuming the truth of all of Geraci's allegations, the complained of conduct does

not rise to the level of severity or pervasiveness necessary to sustain a hostile work environment

claim.  In support of her claim that she suffered from a hostile work environment, Plaintiff has

alleged off-handed and spurious remarks within the context of employees working together at a

restaurant.  Plaintiff alleges that her Rodriguez made the following comments to her:

- "Jacquelyn is going to take your shift, she's a little quicker at her age."  Dkt No. 4 at ¶ 31;

- "That's right, put your glasses on old lady!" or "At your age you need those glasses for everything!" Dkt No. 4 at ¶ 33;

- "You're just an old lady who can't keep up."; Dkt No. 4 at ¶ 35.

- Rodriguez would sometimes refer to Geraci as "old lady" or comment that her "eyes don't work."  Dkt No. 4 at ¶¶ 42 & 43.

Assuming these allegations to be true, they do not give rise to the level of severity or

pervasiveness to have sufficiently altered the terms of Geraci's employment so as to sustain a

hostile work environment claim.   In fact the record supports that these comments, both

objectively and subjectively, if made, were the result of banter between employees.  Geraci's

10

daughter Caroline Spiegel testified that in response to Rodriguez saying that her mom "should retire soon" that she giggled and took it as a joke. Manley Aff., Exh. "B" at p. 29. Geraci and Rodriguez would banter back and forth and had a good relationship while working together. Manley Aff., Exh. "A" at pp. 256, 109. Geraci herself often referred to Rodriguez as "old guy", telling him that "you are going to be my age sometime", "you are old", and "you're getting old". Manley Aff., Exh. "A" at pp. 254 & 256. Spiegel also testified that she never observed Rodriguez being mean to Geraci, that Geraci and Rodriguez got along working together, and that Geraci had told her that Apple Greens was a good place to work. Manley Aff., Exh. "B" at pp. 30, 28 & 31.

**POINT III**

**PLAINTIFF'S AGE DISCRIMINATION CLAIM FAILS AS A MATTER OF LAW BECAUSE SHE CANNOT ESTABLISH A PRIMA FACIE CASE NOR CAN SHE ESTABLISH THAT APPLE GREENS RESTAURANT'S REASONS FOR GERACI'S SHIFT CHANGE OR NOT REHIRING HER WERE PRETEXT.**

Geraci's age discrimination claims under the ADEA are assessed under the three-part burden shifting framework in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under that analysis, the plaintiff bears the initial burden of establishing, by a preponderance of the evidence, a prima facie case of discrimination. See Holcomb v. Iona College, 521 F.3d 130, 138 (2d Cir. 2008). In order to establish a prima facie case of age discrimination, Geraci must show that she sustained an adverse employment action under circumstances giving rise to an inference of age discrimination. Grady v. Affiliated Cent., Inc., 130 F. 3d 553, 559 (2d Cir. 1997). If she successfully makes out a prima facie case, the defendants rebut her showing by articulating a legitimate, non-discriminatory reason for the decision. Tex. Dep't of Cmty Affairs v. Burdine, 450 U.S. 248 (1981). In the end, Geraci must prove that the reason for any adverse employment

action was false and that the real reason was her age.  Slattery v. Swiss Reinsurance Am. Corp.,
248 F.3d 87, 91 (2d Cir. 2001).

**A.    Geraci Cannot Establish a Prima Facie Case of Age Discrimination Against Amenia
Steakhouse Because She Has Not Suffered An Adverse Employment Action.**

An employment action is adverse when it concerns a material change in an employee's
compensation, terms, conditions or privileges of employment.  See generally, Baum v. Rockland
County, 2005 WL 3527543 (2d Cir. 2005).

Plaintiff worked at Amenia Steakhouse for a very brief period of time from December
2014 through March of 2015.  Manley Aff., Exh. "A" at pp. 96-97.  Geraci left the Steakhouse
because she liked Apple Greens better.  Manley Aff., Exh. "A" at pp. 97-98  By her own
admission, she was never terminated from Amenia Steakhouse.  Manley Aff., Exh. "A"  at p.
218.

Because Geraci left Amenia Steakhouse voluntarily and was never terminated, she did
not sustain an adverse employment action at Amenia Steakhouse as a matter of law and summary
judgment should be granted in the Steakhouse's favor.

**B.    Geraci Cannot Establish a Prima Facie Case of Discrimination Against The
Restaurant at Apple Greens Because She Has No Evidence That Any Alleged
"Adverse Action" Was Taken Because of Her Age.**

To prove the causation element of her prima facie case, Geraci must produce direct or
circumstantial evidence that would lead a reasonable fact finder to conclude that Apple Greens
Restaurant discriminated against her because of her age, or that Apple Greens Restaurant
considered her age as a negative factor in such consideration."  See Passonno v. State Univ. of
N.Y. at Albany, 889 F.Supp. 602, 607 (N.D.N.Y. 1995).  Geraci has produced no evidence that

Apple Greens Restaurant's actions were because of her age, or that her age was even considered in making the alleged adverse employment action.

Geraci alleges that in late June/early July, she lost a Thursday shift to Jacquelyn Borello and that the loss of that shift was age related. See Dkt. No. 4 at ¶¶ 29-31. It is undisputed however that Ms. Borello hired and trained Ms. Geraci, had seniority over Ms. Geraci, and offered to trade different shifts with her. Manley Aff., Exh. "A" at p. 51, 54; 55-57; 165-166; 219-220. This shift trade decision was made by Ms. Borello as is evidenced by the text message exchange between them. Borello Aff. at Exh. "B". The reason for the shift change had to do with trying to get Geraci to help out on weekends which she refused to do. Borello Decl. at ¶ 17. Even so, Ms. Geraci testified that she did not believe that Ms. Borello wanted to switch shifts with her because of her age. Manley Aff., Exh. "A" at p. 243. Thus, plaintiff has failed to demonstrate a causal connection that she lost or was forced to trade a shift because of her age.

Geraci also alleges that she was terminated from Apple Greens Restaurant because of her age and that she was replaced by someone who was "between twenty (20) and thirty (30) years of age). Dkt. No. 4 at ¶ 47. First, there is no evidence in the record that Ms. Geraci was replaced by a younger employee or by any employee at all. Second, Ms. Geraci has no direct evidence to suggest that she was not asked to return to Apple Greens for the 2016 season because of her age. She testified at her deposition that no one told her that she was being fired because of her age and she does not know any specific reason why she was "terminated." Geraci at pp. 176-177; 219.

The only evidence that Ms. Geraci has set forth is circumstantial evidence of alleged comments and remarks made by the cook Justin Rodriguez to her or her daughters between July of 2015 and October of 2015 and that somehow these comments demonstrate that the reason

13

Geraci did not return to Apple Greens Restaurant was age related.  It is well settled that isolated comments cannot be used to establish a claim of discrimination in the terms and conditions of employment. See, e.g., Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 271 (2001) ("simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment'"); Adam v. Versus Glen Cove Sch., 2008 WL 508689, at *27 (E.D.N.Y. 2008) (use of "N word" on two occasions was too remote to give rise to inference of discrimination); Beshty v. General Motors, 327 F. Supp. 2d 208 (W.D.N.Y. 2004) (isolated comment about terminated plaintiff's Arabian origin was not enough to defeat summary judgment); Venti v. EDS, 236 F. Supp. 2d 264, 277 (W.D.N.Y. 2002) (co-worker's statement that plaintiff was "too old" to be pregnant did not support inference of discrimination because it was not connected to employer's decision to terminate and the speaker had no input regarding termination decision).

In this case, Geraci's daughter Caroline Spiegel who also worked at Apple Greens Restaurant testified at her deposition that Justin Rodriguez would say that Geraci should retire soon and she took such comment as a joke.  Manley Aff., Exh. "B" at p. 29.  She further testified that her mom and Rodriguez got along working together.  Manley Aff., Exh. "B" at p. 28.  Geraci testified that her and Rodriguez would banter back and forth and had a good relationship while working together.  Manley Aff., Exh. "A" at pp. 256, 109.  Geraci herself often referred to Rodriguez as "old guy",  telling him that "you are going to be my age sometime", "you are old", and "you're getting old".  Manley Aff., Exh. "A" at pp. 254 & 256. Spiegel also testified that she never observed Rodriguez being mean to Geraci, and that Geraci had told her that Apple Greens was a good place to work.  Manley Aff., Exh. "B" at pp. 30, 31.

14

Even assuming as true that any of these isolated comments were made, they were made approximately four months before Geraci was told she was not coming back to Apple Greens Restaurant. The person who allegedly made the negative comments told Geraci she was coming back for the Spring 2016 season according to her testimony. Manley Aff., Exh. "A" at p. 180. The decision not to bring Geraci back was obviously made by Borello the person who hired Geraci and the person who text messaged her to end her employment at Apple Greens. It is further undisputed that Borello never made any comments about Geraci's age.

Plaintiff absolutely cannot demonstrate that the alleged comments made by Rodriguez from July through October of 2015 were in anyway connected to the February 2016 decision not to bring Geraci back to Apple Greens as is supported by the text message sent by Jacquelyn Borello. Accordingly, Geraci's age discrimination claims should be dismissed because she cannot establish a *prima facie* case.

**C.  Apple Greens Restaurant Had Legitimate, Non-Discriminatory Reasons For Its Actions Regarding Geraci.**

Even if Geraci can prove a prima facie case, which she cannot do, Apple Greens Restaurant had legitimate, non-discriminatory reasons for the actions it took with respect to her. If the plaintiff establishes a prima facie case, the burden of production shifts to the defendants to articulate a legitimate, non-discriminatory reason for the challenged adverse employment decision or action. See Luciano v. Olsten Corp., 110 F.3d 210, 215 (2d Cir. 1997). This "burden is one of production, not persuasion ... and involves no credibility assessment of the evidence." Pathare v. Klein, 2008 WL 4210471, at *4 (S.D.N.Y. Sept. 12, 2008) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000)). Once the defendant presents a legitimate, non-discriminatory reason, the burden returns to the plaintiff to

demonstrate that "defendant's articulated reason for its decision is in fact a pretext for discrimination." <u>Sutera v. Schering Corp.</u>, 73 F.3d 13, 16 (2d Cir. 1995). "The ultimate burden of persuading [the] trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." <u>Texas Dep't of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981).

In the summary judgment context, this means plaintiff must "establish a genuine issue of material fact either through direct, statistical, or circumstantial evidence as to whether the employer's reason for discharging her is false and as to whether it is more likely that a discriminatory reason motivated the employer to make the adverse employment decision." <u>Gallo v. Prudential Residential Servs., Ltd. P'ship</u>, 22 F.3d 1219, 1225 (2d Cir. 1994).

Jacquelyn Borello has worked for The Restaurant at Apple Greens since 2008.  Borello Decl. at ¶ 1  She is the one that placed the waitressing ad, and hired and trained Theresa Geraci. Manley Aff., Exh. "A" at pp. 51 & 54; Borello Decl. at ¶¶ 9, 12, 13.   Ms. Borello is also a full time schoolteacher so that when Apple Greens is open during the school year, she only works nights weekends. Borello Decl. at ¶ 3.  During summer break, she picks up and trades shifts with other servers during the week so that there would be enough servers for catering events on the weekends.  <u>Id</u>.  The summer of 2015 was Geraci's first and only summer working at Apple Greens Restaurant.  Borello Decl. at 16.  Borello who did the scheduling, asked Geraci to switch certain days with her so Geraci could help out on the weekends and to work around Borello's summer teaching schedule.  Borello Decl. at ¶ 17.  The offer to switch had nothing to do with Geraci's age, but had to do with Borello's seniority, custom practice and teaching schedule. Borello Decl. at 18, 17.  Geraci testified that Borello's wanting to switch shifts had nothing to do with Geraci's age.  See Manley Aff., Exh. "A" at p. 243.  Plaintiff cannot show that asking for,

or the eventual switch of a single shift demonstrates intentional discrimination, or that the justification for the decision, being help with weekend events was merely a pretext.

With regard to Geraci's separation of employment from Apple Greens Restaurant, it is no secret that Borello and Geraci did not get along, but that had nothing to do with Geraci's age. See Borello Decl., Exh. "B".  In fact according to Borello, one of the benefits of hiring Geraci was that she was more likely to be a long term permanent hire as opposed to prior younger servers that used the restaurant as a temporary job while in school. Borello Decl. at ¶ 11.  The contention between Geraci and the woman who hired her stemmed from Geraci's combative attitude and poor work ethic. Borello Decl., Exh. "B" ¶ 19-22.  Geraci constantly failed to do her side work including the stocking of coolers, would cut her shifts short, show up for work late, drink alcohol during her shift leave the doors unlocked, leave the air conditioning running and take alcohol from the Restaurant at the end of the night. Borello Decl. at ¶ 20.  When Borello, who had seniority over Geraci would ask her to do something work related, Geraci would respond and say "don't tell me what to do I am not one of your students." Borello Decl. at ¶ 21 Further, Geraci's refusal to work weekends was also a big issue for a business that relies heavily on weekend catering events. Borello Decl. at ¶ 22.

In February of 2016, owner Maria Intrieri, bookkeeper Geraldine Rifenburgh and Jacquelyn Borello met to discuss the opening of Apple Greens for the 2016 season. Borello Decl. at ¶ 29; Rifenburgh Decl. at ¶ 28.  Based upon Geraci's poor conduct during the 2015 season, it was decided that Geraci be asked not to come back to Apple Greens for the 2016 season. Borello Decl. at ¶ 23; Rifenburgh Decl. at ¶ 29.  It is undisputed that neither Maria Intrieri, Geraldine Rifenburgh nor Jacquelyn Borello ever made any comments about Theresa

Geraci's age.  Manley Aff., Exh. "A" at p. 186.  Because Jacquelyn Borello had been the one to

hire Geraci, she sent the following text message on February 28, 2016:

> Hi Theresa.  I'm not sure if you still have my number, but if not this is Jacquelyn
> from apple greens.  I hope you had a nice winter.  I know you have been
> wondering about this year so I just wanted to get in touch with you regarding this
> season.  Unfortunately it really didn't work out last year so we do not plan on
> bringing you back to work.  I apologize and wish you luck.

Borello Decl., Exh. "B".  One only needs to read all of the text messages from the 2015 season

between these two individuals as evidence of what really didn't work out.  Borello Decl., Exh. B.

It had everything to do with Geraci's poor work ethic and bad attitude.  This decision had

nothing to do with Geraci's age and no one ever told her that it did.  Borello Decl. at ¶ 31;

Manley Aff., Exh. "A" at pp. 176-177.  While in her complaint she alleges that her February

2016 separation from Apple Greens is somehow related to Rodriguez's October 2015 alleged

comments; at her deposition, Geraci could not articulate any specific reason why she was

"terminated".  See generally Dkt. No 4; Manley Aff., Exh. "A" at p. 219.  Geraci just believes it

was because "[Rodriguez] called me old all the time and I was the oldest person working there".

Manley Aff., Exh. "A" at p. 174.

These conclusory allegations are not enough to demonstrate either a *prima facie* case, or

that defendants' decisions were merely pretext.  As such, summary judgment should be granted

on behalf of the defendants.

### POINT IV

**APPLE GREENS IS ENTITLED TO SUMMARY JUDGMENT ON
PLAINTIFF'S RETALIATION CLAIM BECAUSE PLAINTIFF HAS
FAILED TO ESTABLISH A PRIMA FACIE CASE OF UNLAWFUL
RETALIATION, APPLE GREENS PROVIDED NON-RETALIATORY
REASONS FOR THE DECISION AND PLAINTIFF CANNOT PROVIDE
THAT THE REASONS WERE A PRETEXT FOR UNLAWFUL
RETALIATION.**

The standard used to analyze discriminatory retaliation claims is not unlike that used for a typical employment discrimination case.  To establish a *prima facie* case of retaliation for discrimination based on age, a plaintiff must demonstrate that (1) she participated in a protected activity known to defendant; (2) an adverse employment action was taken against the plaintiff; and (3) there is a causal connection between the protected activity and the adverse employment action.  Gregory v. Daly, 243 F.3d 687, 700 (2d Cir. 2001).  After a plaintiff establishes a *prima facie* case, the burden shifts to the defendant to set forth a legitimate, non-retaliatory reason for the employment action.  Richardson v. New York Dep't of Correctional Service, 180 F. 3d 426, 433 (2d Cir. 1999).  If the defendant is successful in meeting its burden, then the "plaintiff must demonstrate that there is sufficient proof for a reasonable jury to find the proffered legitimate reason merely a pretext for impermissible retaliation." Id.

A plaintiff may establish a *prima facie* causal connection for a claim of retaliation by: (1) showing that engaging in a protected activity was followed closely in time by the adverse employment action; (2) submitting evidence that other employees who engaged in similar conduct to the plaintiff were treated unfairly; or (3) proffering evidence of retaliatory animus directed toward plaintiff.  Spillane v. Henderson, 129 F. Supp.2d 223, 229 (E.D.N.Y. 2001), citing DeCinto v. Westchester County Medical Center, 821 F.2d 111, 115 (2d Cir. 1987).  Case law "uniformly hold[s]" that the temporal link "must be very close."  Figueroa v. Tri-City Highway Products, Inc., 2010 WL 3635247, at *9 (N.D.N.Y. 2010) (citing Clark c. Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001).  Courts have generally concluded that "a passage of two months between the protected activity and the adverse employment action seems to be the dividing line."  Id. (citing Levitant v. City of New York Human Resources Admin., 2008 WL

5273992, at *18 (E.D.N.Y. 2008).

In this case, Geraci alleges that she was terminated in retaliation for her objections to Rodriguez's comments about her age. Dkt. No. 4 at ¶ 49. Assuming that these comments were made, and assuming that Geraci's responses that "I think I look pretty good for my age" constitute a protected complaint under the retaliation analysis, Geraci has failed to establish a *prima facie* a temporal causal connection between her objections and loss of employment.

Geraci's objections according to her took place in September and October of 2015. See Dkt. No. 4 at ¶¶ 41-43. Four months after Geraci made her last objection to the cook's comments, Jacquelyn Borello sent Geraci a text in late February of 2016 that she was not being brought back for the 2016 Season. Borello Decl. at Exh. B. There is no evidence on this record to suggest that Rodriguez had any influence in that decision, or that he told Borello that Geraci said she "looked pretty good for her age" back in October. While the four month period of time between Geraci's "objections" and Borello's text message in and of itself is fatal to Geraci's *prima facie* case for retaliation, Geraci testified that at the end of the season, Rodriguez, whose alleged comments Geraci objected to, told her that she was returning in the Spring of 2016. Manley Aff. at Exh. "A" p. 180. Rodriguez telling Geraci she was returning to work, and her subsequent failure to be rehired by Borello belies any notion of retaliation. It is submitted that no reasonable juror could find a temporal or causal connection between Geraci's responses to Rodriguez's comments in October 2015 and the Borello text message in late February 2016, sufficient to constitute retaliation under these facts.

Even if Geraci did establish a *prima facie* case for retaliation, as previously discussed, she was not invited back to her seasonal employment due to her poor work ethic, combative attitude and discord between herself and Borello which had nothing to do with her age. See

20

Borello Decl., Exh. B.

## POINT V

## PLAINTIFF'S STATE LAW CLAIMS FAIL FOR THE SAME REASONS AS HER FEDERAL CLAIMS.

For the reasons discussed above, Geraci's federal claim fails.  Geraci's New York State claims are pendant to her federal claims.  Under 28 U.S.C. 1367(a)(c), a Court has the discretion to exercise supplemental jurisdiction over pendant state law claims.  If, however, "the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994).  Analysis of NYSHRL claims are governed by the same standards as those that apply in federal civil rights cases.  See Kemp v. Metro-North RR., 316 Fed.Appx. 25 (2d Cir. 2009); see also Boyle v. HSBC Bank, USA, Inc., 2010 WL 235001, at *4 n. 53 (S.D.N.Y. 2010) ("Age discrimination claims under the NYSHRL are analyzed under the same framework as the ADEA.").

Thus, for the reasons set forth above, plaintiff's state law claims should be dismissed as well.

## CONCLUSION

For the reasons set forth above, defendants The Restaurant at Apple Greens and Amenia Steakhouse's motion for summary judgment should be granted in its entirety.

Dated: Albany, New York
      June 1, 2018

           **HARRIS, CONWAY & DONOVAN, PLLC**

           By: <u>s/ Ryan E. Manley</u>
                Ryan E. Manley
                *Attorneys for The Restaurant at Apple*
                *Greens and Amenia Steakhouse*
                5 Clinton Square
                Albany, New York 12207
                Bar Roll No. 303048
                Telephone: (518) 436-1661
                RManley@capitalregionlaw.com